1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ROBINSON, | **Case No.  1:14-cv-01525-JLT (PC)** |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(Doc. 11)** |
| Dr. KITT, et al., | **RESPONSE DUE WITHIN THIRTY DAYS** |
| Defendants. | |

## I.     Background

Plaintiff, Samuel Robinson, filed the Complaint in this action on September 29, 2014. (Doc. 1.)  It was screened and dismissed for failure to state a claim with leave to amend.  (Doc. 6.)  Plaintiff's First Amended Complaint is presently before the Court for screening. (Doc. 11.)

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

///

1

**B.     Summary of the First Amended Complaint**

Plaintiff complains of acts that occurred at Wasco State Prison ("WSP"), where he is currently housed.  Plaintiff names the following Defendants:  Dr. Victor V. Kitt, Dr. Vi Jay R. Patel, Dr. A. Klang, and M. Songer, M.D.  Plaintiff seeks monetary relief.

Plaintiff alleges that on August 2, 2012, Dr. Patel examined his nasal cavity.  After several consultations, Dr. Victory V. Kitt performed surgery on his nostrils to remove polyps on May 10, 2013.  After surgery, Plaintiff started experiencing double vision.  Subsequently, Dr. Songer gave him an eye patch and told him that his vision "will correct itself, or the treatment team has protocol to fix said problem."  (Doc. 11, pp. 3-4.)  Now, after 18 months, Plaintiff has no vision in his right eye.  Plaintiff alleges that the four doctors he has named as Defendants are part of the treatment team for his medical care and that they have "shown [] deliberate indifference to [his] serious medical needs by not following protocols from an surgery to just remove some polyps to [him] losing [his] vision in [his] right eye."  (*Id.*, at p. 4.)

As discussed below, Plaintiff does not state any cognizable claims.  Plaintiff may be able to amend to correct the deficiencies in his pleading and is being given the applicable standards based on his stated claims and **one final opportunity** to file an amended complaint.

**C.     Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

2

plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S.*

*Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

    While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*,

580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze*

*v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may

not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit*

*Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266,

268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-*

*Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and

"facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the

plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

    Plaintiff's First Amended Complaint complies with Rule 8.  If he chooses to file a second

amended complaint, Plaintiff should endeavor to make it as concise as possible.  He should

merely state which of his constitutional rights he feels were violated by each Defendant and its

factual basis.

### 2.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation of
> any rights, privileges, or immunities secured by the Constitution . . .
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See*

*Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362

(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

As in his original pleading, Plaintiff names but fails to link Dr. Klang to any of the factual allegations in his First Amended Complaint.  Plaintiff must clarify which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his pleading must put each Defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) citing 28 U.S.C. § 1915(g).  Plaintiff is advised that if he chooses to file a first amended complaint and fails to comply with Rule 18(a), all unrelated claims will be stricken.

### 4. Exhibits

Plaintiff attached a number of exhibits to his First Amended Complaint which he generally references.  Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, inmate appeals, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when

1    requested by the Court). At this point, the submission of evidence is premature as Plaintiff is only

2    required to state a prima facie claim for relief via his factual allegations. Thus, in amending his

3    pleading, Plaintiff would do well to simply state the facts upon which he alleges a defendant has

4    violated his constitutional rights and refrain from submitting exhibits.

5         If Plaintiff feels compelled to submit exhibits with an amended complaint, he is reminded

6    that such exhibits must be attached to the amended pleading and must be incorporated by

7    reference. Fed. R. Civ. Pro. 10(c). With regard to exhibits that are properly attached and

8    incorporated, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations

9    within his pleading, not to wade through exhibits, to determine whether cognizable claims have

10   been stated.

11        Further, if Plaintiff attaches exhibits to an amended complaint, each exhibit must be

12   specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in

13   order to direct the Court to the specific exhibit Plaintiff is referencing and Plaintiff would do well

14   to state what he intends the exhibit to show the reader. Further, if the exhibit consists of more

15   than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page

16   3"). Finally, the Court reminds Plaintiff that the Court must assume that Plaintiff's factual

17   allegations are true. Therefore, it is generally unnecessary for Plaintiff to submit exhibits in

18   support of the allegations in a pleading.

19        **D.    <u>Claims for Relief</u>**

20             **1. Deliberate Indifference to Serious Medical Needs**

21        To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

22   first "show a serious medical need by demonstrating that failure to treat a prisoner's condition

23   could result in further significant injury or the unnecessary and wanton infliction of pain. Second,

24   the plaintiff must show the defendants' response to the need was deliberately indifferent."

25   *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091,

26   1096 (9th Cir. 2006) (quotation marks omitted)).

27        The existence of a condition or injury that a reasonable doctor would find important and

28   worthy of comment or treatment, the presence of a medical condition that significantly affects an

1   individual's daily activities, and the existence of chronic or substantial pain are indications of a

2   serious medical need.  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v.*

3   *Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc.*

4   *v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v.*

5   *County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).  For screening purposes, Plaintiff's nasal

6   polyps and subsequent double vision are accepted as serious medical needs.

7          Deliberate indifference is "a state of mind more blameworthy than negligence" and

8   "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  *Farmer*, 511

9   U.S. at 835 (quoting *Whitley*, 475 U.S. at 319).  "Deliberate indifference is a high legal standard."

10  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).  "Under this standard, the prison official

11  must not only 'be aware of the facts from which the inference could be drawn that a substantial

12  risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting

13  *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not,

14  then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.*

15  (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

16         In medical cases, this requires showing:  (a) a purposeful act or failure to respond to a

17  prisoner's pain or possible medical need and (b) harm caused by the indifference.  *Wilhelm*, 680

18  F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096).  More generally, deliberate indifference "may

19  appear when prison officials deny, delay or intentionally interfere with medical treatment, or it

20  may be shown by the way in which prison physicians provide medical care."  *Id.* (internal

21  quotation marks omitted).

22         Plaintiff's allegations fail to show that any of the physicians he named as Defendants acted

23  with deliberate indifference to his serious medical need(s).  Though, undoubtedly, waking from a

24  procedure to remove nasal polyps with new eye problems was disconcerting, Plaintiff has failed

25  to show that Dr. Patel's recommendation for him to have the surgery and/or Dr. Kitt's

26  performance of the surgery and/or his subsequent treatment amounted to deliberate indifference.

27  While Dr. Kitt's technical performance of the surgical maneuvers may have been lackluster, mere

28  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

*Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).  The fact that Plaintiff suffered an untoward consequence in surgery does not, in and of itself, amount to deliberate indifference.

Thus, Plaintiff fails to state a cognizable claim for deliberate indifference to his serious medical needs against any of the Defendants named in this action.  If Plaintiff chooses to file a second amended complaint he must state what each physician did, or did not do, that he feels shows they knew he had a condition that required specific medical care and then intentionally chose not to give it to him.  Plaintiff's allegations, at this point, merely show that Dr. Patel examined his nasal cavity; that subsequently Dr. Kitt performed surgery to remove nasal polyps; and that Dr. Songer saw him after that surgery, gave him an eye patch and told him that his vision would correct itself, or the treatment team has a protocol that will fix his vision.  None of this shows that any of these three physicians acted in a manner that they were aware would cause Plaintiff harm or injury or would exacerbate his vision condition.  Likewise, there are no facts alleged upon which the Court could conclude the doctor's acted with deliberate indifference to his medical condition. From Plaintiff's current allegations, it appears that he suffered either a negative consequence of the nasal surgery or, after the nasal surgery, he coincidentally began to suffer from glaucoma and cataracts (*see* Doc. 11, Exh. C, p. 24).

### 2.  State Law Claim -- Medical Negligence

#### a.  California Tort Claims Act

Under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired.  "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995).  The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to

settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted).  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004).  Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

Plaintiff fails to state any allegations to show compliance with the CTCA to be allowed to proceed on his claims under California law in this action.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

If Plaintiff has complied with the CTCA, jurisdiction over his claims under California law will only be allowed to proceed in this Court as long as he has federal claims pending.

## II.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed, with leave to file a second amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.  **<u>This is the last opportunity to correct</u>**

1  **the deficiencies in his pleadings that Plaintiff will be given.**

2  Plaintiff must demonstrate in any second amended complaint how the conditions

3  complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v.*

4  *Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific

5  terms how each named defendant is involved.  There can be no liability under section 1983 unless

6  there is some affirmative link or connection between a defendant's actions and the claimed

7  deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.

8  1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

9  Plaintiff's second amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short

10  and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds

11  upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v.*

12  *Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be

13  [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555

14  (2007) (citations omitted).

15  Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v.*

16  *Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29,

17  2012) (en banc), and must be "complete in itself without reference to the prior or superceded

18  pleading,"  Local Rule 220.

19  The Court provides Plaintiff with **one final** opportunity to amend to cure the deficiencies

20  identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

21  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second

22  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

23  complaints).

24  Based on the foregoing, it is HEREBY ORDERED that:

25  1.  Plaintiff's First Amended Complaint is dismissed, with leave to amend;

26  2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

27  3.  **Within 30 days** from the date of service of this order, Plaintiff must file a  second

28  amended complaint curing the deficiencies identified by the Court in this order;

1          and,

2        4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure

3                to obey a court order and for failure to state a claim.

4

5    IT IS SO ORDERED.

6        Dated:   **March 11, 2015**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28